No. 38,902

WILLIAM KEITH and ESTHER MARTIN, *Appellants,* v. HELEN S. WRIGHT, as widow and only surviving heir of Monroe E. Wright, Deceased; HELEN S. WRIGHT, as Administratrix of the Estate of Monroe E. Wright, Deceased; A. J. HOBBS and RACHEL L. HOBBS, his wife, and H. W. LEWIS; and in the alternative, if the above-named defendants, or any of them be deceased, then the unknown heirs, executors, administrators, devisees, trustees and assigns, of such of said defendants as may be deceased, *Appellees.*

(256 P. 2d 117)

Opinion filed April 11, 1953.

*Harold H. Malone,* of Wichita, argued the cause, and *William Keith,* of Wichita, was with him on the briefs for the appellants.

*John C. Castor,* of Wichita, argued the cause, and *J. Paul Jorgensen,* of Wichita, was with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This action was commenced on October 25, 1948, by the plaintiffs, to quiet their title to real estate in the city of Wichita. At an undisclosed date, Helen S. Wright as an individual and as the administratrix of the estate of Monroe E. Wright answered denying plaintiffs' right to relief and filed a cross petition seeking partition of the real estate, to which the plaintiffs filed a reply and answer raising the bar of the statute of limitations.

As the action was tried in the district court on a stipulation of facts, we need not review the pleadings setting forth the claims of the parties. The facts disclosed by the stipulation are summarized as follows: On March 24, 1936, one Culbertson and wife entered into a written agreement to convey the involved real estate to William Keith and Mary Keith, husband and wife, for an agreed consideration of $1,000 payable $50 in cash and the balance in installments. The entire consideration was paid before the death of Mary Keith on March 15, 1937. On May 10, 1936, William Keith and Mary Keith moved onto the real estate and occupied it as their home until her death and it has since been occupied by William Keith and his niece Esther Martin. Mary Keith died intestate leaving as her heirs her husband, William Keith, and her son by a previous marriage, Monroe E. Wright. On April 20, 1937, the Culbertsons executed and delivered a warranty deed prepared by William Keith conveying the real estate to "William Keith, and William Keith and Monroe E. Wright as heirs at law of Mary E. Keith," "subject to unpaid taxes thereon for the years 1931, 1932, 1933, 1935, and 1936." This deed was recorded on April 20, 1937.

It was further stipuated that on April 27, 1937, letters of administration were issued by the probate court of Sedgwick County to William Keith in the estate of Mary Keith and in October, 1937, he filed an inventory listing the real estate, describing the interest of her estate to be an undivided one-fourth interest subject to taxes and costs of improvements made after her death. No final settlement of Mary Keith's estate has been made. It was also stipulated on June 27, 1937, Monroe E. Wright died intestate leaving Helen S. Wright as his sole heir. On June 17, 1938, she was appointed as administratrix of her husband's estate, but has never filed any inventory. No final settlement of the estate of Monroe E. Wright's estate has been made.

It was also stipulated that on March 15, 1944, a tax foreclosure action was commenced in Sedgwick County in which the real estate was described and in which William Keith, Helen S. Wright, Monroe E. Wright and many other persons and the unknown heirs, executors, administrators, devisees, trustees and assigns of any deceased persons were defendants. William Keith and Helen S. Wright were personally served with summons, and a publication notice which included all of the defendants and their unknown heirs, executors, administrators, devisees, trustees and assigns was published and approved by the court. The petition did not name

Helen S. Wright as administratrix of the estate of Monroe Wright, deceased, nor was she served in her representative capacity with any summons. The stipulation is silent as to whether William Keith or Helen S. Wright answered in the action but it is stated that a judgment was rendered finding the real estate was subject to a lien for taxes, interest and penalties in the amount of $1,062.91, and that the defendants were barred from asserting any interest in the real estate except their right to redeem at any time before the day of sale. Neither William Keith nor Helen S. Wright, either individually or in their representative capacity, redeemed and on July 31, 1944, the real estate was sold at public auction to William Keith for $2,650, and on August 14, 1944, the district court confirmed the sale and ordered a deed made to the purchaser, and on August 15, 1944, the sheriff executed a deed to William Keith which was recorded August 18, 1944. On October 4, 1944, the court ordered the difference between the amount of the judgment and the amount of his bid, $1,456.87, repaid to William Keith. No action or proceeding, legal or equitable, was ever brought to open, vacate, modify or set aside the judgment in the tax foreclosure action by any of the parties hereto.

It was further stipulated that William Keith, in any capacity, had never requested that Helen S. Wright, in any capacity, contribute toward the amount paid at the sheriff's sale, nor had she ever offered to contribute. And finally it is stipulated that on June 19, 1948, William Keith executed and delivered a deed conveying the property to William Keith and Esther Martin as joint tenants. There was no money consideration for the transfer.

A trial was had on June 16, 1952. As a result the trial court found that when William Keith purchased the real estate at the tax foreclosure sale, he was a cotenant of Helen S. Wright, and as a matter of law, purchased the real estate for the benefit of himself and his cotenant, and the prayer of his petition to quiet his title should be denied. It was further adjudged that Helen S. Wright was the owner of an undivided one-fourth interest in the real estate, subject to a charge in favor of William Keith for an undivided one-fourth of the money paid for taxes, interest and penalties and that the real estate be partitioned according to law. Plaintiffs filed a motion for a new trial, which was denied, and they perfected their appeal to this court. Their specification of errors covers the matters hereafter discussed.

While not necessary to a decision we note that although it is conceded that the real estate was the homestead of William and Mary Keith at the time of her death and has since been so occupied by him, appellees contend that as of the date of her death on March 15, 1937, the homestead was subject to partition under G. S. 1935, 22-105, 22-107, but ignoring that as of the date of his appointment as administrator, he was not entitled as such to the possession of the homestead under the statutes then in force, direct our attention to a section of the probate code enacted in 1939 (G. S. 1939 Supp. 59-1401), and argue that under it William Keith as administrator had an obligation to pay up taxes in arrears. Reference to that section, which has never been amended, will disclose that the homestead is excluded from the real property of which the administrator takes possession. It is inferred that the administrator had funds to pay taxes but there is no showing as to whether or not there were any funds in Mary Keith's estate to pay taxes or any other charge against her estate.

Directing attention to the recognized rule that an administrator may not traffic to his own advantage with the assets of the estate, appellees argue that William Keith was precluded from purchasing at the tax foreclosure sale and that when he did so, a constructive trust arose and as a trustee *ex maleficio* he now holds the property for the benefit of himself and Helen S. Wright, citing 54 Am. Jur. 167, 175.

The record is clear that under a tax foreclosure proceedings, the regularity of which is not questioned in any manner, and in which both William Keith and Helen S. Wright, then the owners of the real estate, were parties and personally served with summons, judgment was rendered finding the amount due for taxes, a large part of which concededly accrued before the deed from Culbertson to William Keith and Mary Keith was made and ordering the real estate sold in satisfaction. It was so sold at sheriff's sale, the sale was confirmed, a deed ordered and made and thereafter recorded on August 18, 1944. No action or proceeding of any kind or character has ever been brought to open, vacate, modify or set aside the judgment rendered as provided by G. S. 1941 Supp. 79-2804b, in effect at the time the sale was had and the sheriff's deed recorded, nor under that statute as it has since been amended, if that were possible.

In our opinion determination of the rights of William Keith and of Helen S. Wright rests on analogies to be drawn from our opinion in *Shell Oil Co. v. Board of County Comm'rs,* 171 Kan. 159, 231 P. 2d 220, the purpose of which was to vacate and set aside a judgment and all subsequent proceedings in a tax foreclosure action directed, in part, against real estated owned by Shell. It appeared that in the tax foreclosure action, during the year 1942 a judgment was rendered in June, finding the amount due, that a sheriff's sale was made in July to one who was a member of the board of county commissioners which authorized and directed the bringing of the action and that in August the sale was confirmed, the sheriff's deed executed and recorded. Sometime after the period in which an action might have been brought to open, vacate, modify or set aside the judgment, Shell commenced an action to vacate the judgment. Without reciting the facts, reference being made therefor to that opinion, it was contended by Shell that the purchaser was ineligible and that the judgment and subsequent proceedings were void, while the purchaser, disputing those contentions contended that the action was barred. A judgment in favor of plaintiff in the trial court resulted in an appeal to this court, which held:

"On the ground of sound public policy a county commissioner, in his private and individual capacity, is not an eligible purchaser at a sheriff's sale in a tax foreclosure action brought by a board of county commissioners of which he, during all stages of the proceeding, was a member.

"In an action to vacate and set aside a judgment and all subsequent proceedings had in a tax foreclosure action, the record is examined and it is *held*: All proceedings in the tax foreclosure action were governed by the provisions of the tax foreclosure act (G. S. 1941 Supp. 79-2801 to 2809), of which section 2804b is a part, and the action to vacate and set aside, being commenced more than six months after the date of confirmation of sale in the tax foreclosure action, was brought too late." (Syl. ¶¶ 1, 2.)

The tax foreclosure action involved in the instant case arose under the same statutes as were involved in the *Shell* case, *supra.* Even if the purchaser William Keith was ineligible, the judgment in his favor was not attacked in any manner at any time and the proceedings therein had, the judgment rendered, the sale and its confirmation and the deed issued under it are final and conclusive. Under G. S. 1943 Supp. 79-2804, then in effect, the sheriff's deed vested a fee simple title in the purchaser.

It follows that the judgment in the tax foreclosure action barred Helen S. Wright of any interest in the involved real estate.

While unnecessary to a decision, we note that prior to the tax foreclosure action William Keith and Helen S. Wright were co-tenants of the real estate. If it be assumed that by reason of that relationship she had a right to make contribution to the extent of her interest, she made no such tender in her cross petition and in the stipulation of facts agreed that she had never made such an offer. Although not definitely shown, apparently this stipulation was made subsequent to September, 1951, over six years after Keith's deed had been recorded. If it be assumed that Keith's conduct was in fraud of any right of Helen S. Wright and that any constructive trust arose therefrom, and that she is not barred by the judgment in the tax foreclosure action, it is noted that the fraud was complete and made known when the sheriff's deed to William Keith and not to him and Helen S. Wright was recorded on August 18, 1944. The recording of that deed was notice, but up to the time of the filing of her cross petition sometime subsequent to October 25, 1948, no action of any kind for relief was filed. If William Keith's conduct could be said to have resulted in a constructive trust in favor of Helen S. Wright, the trust was immediately repudiated by his keeping her out of possession and her action over four years later was barred by laches and the statute of limitations. Similar contentions as to cotenancy, fraud and associated matters were given exhaustive treatment in *Malone v. Young*, 148 Kan. 250, 81 P. 2d 23, to which reference is made, and were not sustained.

In our opinion the trial court erred in its judgment, which is reversed and set aside. The cause is remanded to the trial court with instructions to vacate the judgment rendered and in lieu thereof to render judgment in favor of appellants, quieting their title against appellees to the real estate involved.